IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| XAVIER FLORES, | ) | CIVIL 16-00652 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD TRUMP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND RESERVING RULING ON ALL OTHER PENDING MOTIONS**

On December 9, 2016, pro se Plaintiff Xavier Flores ("Plaintiff") filed, *inter alia*, his Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 7.] The Court has considered these matters without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Complaint and the relevant legal authority, this Court HEREBY DISMISSES the Complaint WITHOUT PREJUDICE – in other words, Plaintiff has LEAVE TO FILE an amended complaint. This Court will reserve ruling on the Application and all of his other motions until Plaintiff files his amended complaint.[1]

_____

[1] In addition to the Complaint and the Application, Plaintiff filed a Motion for Service by the U.S. Marshall Service, Motion to Seal, and Motion for a Lawyer (collectively
(continued...)

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, this Court has recognized that the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that

---

[1](...continued)
"Motions"). [Dkt. nos. 4-6.]

"[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Mather v. Nakasone, Civil No. 13-00436 LEK-KSC, 2013 WL 4788930,

3

at *1-2 (D. Hawai`i Sept. 5, 2013) (alterations in Mather) (citation omitted).

## DISCUSSION

### I. Plaintiff's Complaint

The Complaint appears to be more like a letter to Defendant Donald Trump ("Defendant") expressing Plaintiffs' disagreement with the positions that Defendant took on economic issues during the presidential campaign. Plaintiff asks the Court to compel Defendant to meet with him to review these issues, and he argues that the Court should impose daily sanctions against Defendant until he meets with Plaintiff. This Court cannot determine what claims Plaintiff is attempting to assert against Defendant. This Court therefore CONCLUDES that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Because this Court is unable to discern the legal basis for the Complaint, this Court cannot provide Plaintiff with notice of how to cure the deficiencies in the Complaint. At the same time, this Court cannot say that it is "absolutely clear that no amendment can cure the defect[s]" in the Complaint. See Lucas, 66 F.3d at 248. This Court therefore DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.

This Court GRANTS Plaintiff leave to file an amended complaint by **February 13, 2017**. Plaintiff's amended complaint must include **all** of the claims that he wishes to allege, and **all**

of the allegations that his claims are based upon, even if he previously presented them in the original Complaint.  He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint.

This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **February 13, 2017**, or if the amended complaint fails to cure the defects that this Court has identified in this Order, this Court will dismiss his claims **with prejudice** – in other words, **without leave to amend**.  Plaintiff would then have no remaining claims in this case, and this Court would direct the Clerk's Office to close the case.

**II. Application and Motions**

Insofar as this Court has dismissed the Complaint with leave to amend, this Court finds that it is not appropriate for it to rule on either the Application or the Motions at this time. This Court will therefore RESERVE RULING on the Application and the Motions until Plaintiff files an amended complaint.  If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Application and the Motions.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Complaint, filed December 9, 2016, is HEREBY DISMISSED WITHOUT PREJUDICE. This Court GRANTS Plaintiff leave to file an amended complaint by

**February 13, 2017.** The amended complaint must comply with the terms of this Order.

In light of the dismissal of the Complaint without prejudice, this Court RESERVES RULING on the Application to Proceed in District Court Without Prepaying Fees or Costs, and the other Motions that Plaintiff filed on December 9, 2016, pending Plaintiff's filing of an amended complaint and this Court's screening of the amended complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 12, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**XAVIER FLORES VS. DONALD TRUMP; CIVIL 16-00652 LEK-RLP; ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND RESERVING RULING ON ALL OTHER PENDING MOTIONS**