IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| XAVIER FLORES, | ) | CIVIL 16-00652 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD TRUMP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER DISMISSING CASE WITH PREJUDICE

On December 9, 2016, pro se Plaintiff Xavier Flores ("Plaintiff") filed, *inter alia*, his Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 7.] On January 12, 2017, this Court issued an order dismissing the Complaint, with leave to amend ("1/12/17 Order"). [Dkt. no. 8.] This Court also reserved ruling on the Application and all of Plaintiff's other motions, pending the filing of an amended complaint and this Court's screening of the amended complaint. The 1/12/17 Order gave Plaintiff until February 13, 2017 to file an amended complaint that cured the defects identified in the 1/12/17 Order. [1/12/17 Order at 12-13.]

Because Plaintiff has neither filed an amended complaint nor requested an extension of the February 13, 2017 deadline, this Court has the discretion to dismiss the Complaint with prejudice. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988

(9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[1] After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[2] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, the defendant will not be prejudiced by dismissal because Plaintiff did not serve the Complaint, and there are no less drastic alternatives available at this time.

Plaintiff's Complaint, which this Court previously dismissed without prejudice, is HEREBY DISMISSED WITH PREJUDICE. In light of the dismissal of the Complaint with prejudice,

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[2] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

Plaintiff's Application, and all of the other motions that Plaintiff filed with the Complaint, are HEREBY DENIED AS MOOT.

This Court DIRECTS the Clerk's Office to close the case on **March 10, 2017**, unless Plaintiff files a motion for reconsideration of this Order by **March 6, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 17, 2017.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**<u>XAVIER FLORES VS. DONALD TRUMP</u>; CIVIL 16-00652 LEK-RLP; ORDER DISMISSING CASE WITH PREJUDICE**