IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| XAVIER FLORES, | ) | CIVIL 16-00652 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD TRUMP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On January 12, 2017, this Court issued its Order Dismissing Plaintiff's Complaint Without Prejudice; Reserving Ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs; and Reserving Ruling on All Other Pending Motions ("1/12/17 Order").  [Dkt. no. 8.]  Because Plaintiff failed to file an amended complaint, on February 17, 2017, this Court issued its Order Dismissing Case with Prejudice ("2/17/17 Order").  [Dkt. no. 9.]  On March 1, 2017, pro se Plaintiff Xavier Flores ("Plaintiff") filed his Motion for Reconsideration.  [Dkt. no. 10.]  The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motion and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

In the 1/12/17 Order, this Court noted that Plaintiff's Complaint, filed December 9, 2016, appeared to be a letter to Defendant Donald Trump ("President Trump") expressing his disagreement with positions that President Trump took during his presidential campaign. Because this Court could not determine what claims Plaintiff was attempting to assert against President Trump, this Court dismissed Plaintiff's Complaint, with leave to file an amended complaint by February 13, 2017. [1/12/17 Order at 3-4.] This Court warned Plaintiff that, if he failed to file an amended complaint by that date, this Court would dismiss Plaintiff's claims with prejudice and the case would be closed. [Id. at 5.]

This Court issued the 2/17/17 Order after Plaintiff failed to file an amended complaint. The 2/17/17 Order directed the Clerk's Office to close the case unless Plaintiff filed a motion for reconsideration of the 2/17/17 Order by March 6, 2017. [2/17/17 Order at 3.]

Because Plaintiff is proceeding pro se, this Court must liberally construe his filings. See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).

This Court liberally construes Plaintiff's Motion for Reconsideration as asking this Court to reconsider the 2/17/17 Order by giving him more time to file an amended complaint that complies with the 1/12/17 Order.

## DISCUSSION

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

Like his Complaint, Plaintiff's Motion for Reconsideration merely expresses his disagreement with President

3

Trump's positions regarding the business community and the manufacturing industry.  The Motion for Reconsideration states that Plaintiff would like to address these issues with President Trump through this action.  Plaintiff apparently relies upon statements that President Trump has made since taking office.  Although those statements are new evidence which Plaintiff did not have when he wrote the Complaint, the main point of the 1/12/17 Order was that this Court could not determine what claims Plaintiff was attempting to assert against President Trump.  This Court cannot discern from the Motion for Reconsideration what claims Plaintiff would assert if this Court gave him more time to file an amended complaint.  Thus, this Court CONCLUDES that the new evidence of President Trump's recent statements does not warrant reconsideration of the 2/17/17 Order.

This Court also CONCLUDES that the Motion for Reconsideration does not establish that: there has been a change in the controlling law since the filing of the 2/17/17 Order; or reconsideration of the 2/17/17 Order is necessary to correct a clear error or prevent manifest injustice.  This Court therefore CONCLUDES that Plaintiff's Motion for Reconsideration does not establish any grounds that warrant reconsideration of the 2/17/17 Order.

This Court acknowledges that Plaintiff has many concerns about President Trump's policies and positions on

certain topics.  However, filing a lawsuit against an elected official is not the proper forum in which Plaintiff can exercise his right as a citizen to express such concerns.  Plaintiff may wish to consider other avenues, such as writing a letter to President Trump or to the United States Senator or Representative for Plaintiff's district.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Reconsideration, filed March 1, 2017, is HEREBY DENIED.  There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 2, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**XAVIER FLORES VS. DONALD TRUMP; CIVIL 16-00652 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**